By the Court—Hoffman, J.
The lease was dated the 4th of March, 1856, for the term of three years from the 1st of May then next. It would expire, then, on the 1st of May, 1859. The guaranty of the defendant is of the same date as the lease.
The action is for the recovery of the rent due the 1st of August, 1858, and some arrears of Croton water-tax agreed to be paid by the lessee.
It is alleged, in defense to the action, that, in the month of January, 1858, the plaintiff agreed with the defendant that, on the 1st of May, 1858, he would cancel, determine and put an end to the lease, provided the defendant would, on or before the 1st of May, pay the plaintiff $100 as a consideration for such cancelment.
This agreement is by parol. The point is, can testimony of such a parol contract be admitted ?
The provision of the statute applicable to the subject is as follows: “ Fo estate or interest in lands, other than leases for a term not exceeding one year, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent, thereunto authorized by writing.” (2 R. S., p. 134, § 6.)
In Young v. Dake, (1 Seld., 463,) an agreement was made on the 4th of April, 1848, to lease a store for one year from the 1st of April, 1848. On the 11th of September, 1848, a further parol agreement was made that Dake should occupy the store for another year, commencing April 1, 1849. The proceeding was to remove Dake from possession.
It was held that a lease for a term not exceeding one year, and a contract for a lease or letting for a period not longer than qne year, are valid, though made by parol.
*7 There was nothing which would seem to attach any qualification or condition to a parol lease, or contract of letting, for a year, or that it shall commence immediately, and cannot be made to commence at some future day.
“The time between the making of the lease and its commencement in possession, is no part of the term granted by it. The term is that period which is granted for the lessee or tenant to occupy and have possession of the premises. When, therefore, our statute speaks of a lease for a term not exceeding one year, and of a contract for a lease for a period not longer than one year, (§ 8,) it has reference to the time for the tenant to possess and occupy the premises, and does not include any previous or intermediate time. A lease, therefore, for the term of one year-may as well be made to commence at a future day, as at the day of making it.”
It must, I think, be conceded that, if a lease can be entered into by parol, three months before possession is to be given under it, and such possession is then to be but for a year, then a contract to surrender a lease, when the surrender is only to take effect for one year of occupation, may be made by parol.
Hence, the Referee was bound to have passed upon the evidence, and stated his conclusion of fact whether the landlord did accept the surrender alleged. The point of most importance relates to the delivery of the keys on the 30th of April. As to this, there is some contradiction of evidence.
It is true that the Referee finds that the lease has not been surrendered. But it is obviously so found mainly on his view of the rule of law not allowing of a parol surrender or agreement to receive it in the present case; and hence he has not considered and passed upon the evidence of the facts tending to show a surrender and acceptance.
There must be a new trial, and before the same Referee, unless a jury is applied for.
New trial ordered; costs to abide the event.[1]

 The plaintiff appealed from this order to the Court of Appeals—his notice of appeal containing an assent that, if the order was affirmed, judgment absolute should be rendered against him. That Court, at its June Term in 1861, affirmed the order, and gave judgment absolute for the defendant.